*Bayard* for plaintiff.

## LORD PROPRIETARY OF MARYLAND v. STYER.

Court of Common Pleas.  Sussex.  November, 1795.

*Bayard's Notebook, 128.**

The point was argued by *Miller* for the plaintiff and *Ridgely* and *Bayard* for defendant.

PER CURIAM.  The ground of defense is the lapse of time since the right of action accrued.  The effect of this defense depends upon the law we are to follow; whether of Delaware or of Maryland.  We have no doubt the law of Delaware is to govern.

The case is not within the principle of that of contract to which it is resembled.  There is no doubt that a contract is to be considered according to the law of the place where it was made.  But a suitor who sues in the courts of this state cannot claim a right to proceed according to the rules of practice in that country where the contract was made.  The limitation relied on as a defense has nothing to do with the contract, but only with the suit.  It is no limitation of the contract, but of the action.  The contract remains, but our law says that the party shall not have the benefit of its process to compel the execution after a certain time.  There is an Act of Assembly which directs a certain oath is to be taken before a recovery can be had against an executor or administrator.  Suppose a debt to accrue where no such law existed and the creditor came into the state to enforce it, would

---

*This case is also reported in *Wilson's Red Book,* 88.

he not be obliged to comply with the direction of the Act? Whatever belongs to the contract is to be determined by the law of the place where the contract arose, but what belongs to the action must be governed by the law and practice of the court where the action is brought.

Verdict for defendant.